IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM M. CLARK, JR., TRUSTEE                    APPELLANT

           v.          Civil No. 05-3066

NADA JEAN FLIPPIN, DEBTOR                          APPELLEE

## **O R D E R**

Now on this 29th day of September, 2006, the above referenced matter comes on for this Court's consideration. A hearing was held before this Court on September 28, 2006, and based upon the arguments of counsel, the pleadings submitted in this case, and all other matters of relevance, the Court, finds and orders as follows:

**INTRODUCTION**

1. This matter is before the Court on appeal from the United States Bankruptcy Court for the Western District of Arkansas. *See* 28 U.S.C. § 158(a).

William M. Clark, Jr., Trustee, appeals an order entered by the Bankruptcy Court on November 23, 2005, denying the Trustee's Motion for Turnover. (Doc. 1 Attach. 1)

In the Trustee's motion, the Trustee sought an order from the Bankruptcy Court for the turnover of the non-exempt equity in the debtor's dower interest in certain real property. Alternatively, the Trustee argued that the debtor should be required to buy back

the non-exempt equity in her dower interest from the Trustee. (Doc. 1 Attach 3).

The Bankruptcy Court denied the Trustee's motion for turnover. In so doing, that Court determined that, while the debtor's dower interest in her husband's property is properly considered to be property of the bankruptcy under applicable bankruptcy law, that dower interest can only be relinquished, and not conveyed to another party. (Doc. 1 Attach 1). In light of that determination, the Bankruptcy court deemed it unnecessary to consider the value to be placed on the interest in question.

2. The Trustee has presented the following issues for appeal:

* Whether the Bankruptcy Court erred in finding that the debtor's dower interest is not capable of being turned over to the Trustee because the right of dower is not an interest that can be conveyed by the debtor;

* Whether the Bankruptcy Court erred in finding that the dower interest is not an interest that the Trustee can "use, sell or lease under section 363 of this title . . . " 11 U.S.C. § 542(a);

* Whether the Bankruptcy Court erred in not valuing the debtor's dower interest; and,

* Whether the Bankruptcy Court erred in denying the Motion for Turnover filed on behalf of the Trustee.

## JURISDICTION

3.   In accordance with 28 U.S.C. § 158, district courts of the United States are empowered to hear appeals from the decisions of bankruptcy courts sitting in the same judicial district.  Final orders are appealable as of right.  28 U.S.C. § 158 (a)(1). Further, the standard of review regarding the Bankruptcy Court's legal conclusions is *de novo* and findings of fact are reviewed under the "clearly erroneous" standard.  Fed. R. Bankr. Proc. Rule 8013; United States v. Olson, 4 F.3d 562, 564 (8th Cir. 1993).

## FACTS

4.   The parties have stipulated to the following facts:

*   Steven J. Flippin and Nada Jean Flippin obtained their marriage license on December 7, 2004 and are legally husband and wife in the State of Arkansas.

*   Steven J. Flippin was born on February 16, 1963 and is presently 42 years of age.

*   Nada Jean Flippin was born on November 22, 1973 and is presently 31 years of age.

*   Steven J. Flippin is the owner of real property located at 4643 Marion County 5014, Everton, Arkansas (hereinafter referred to as "the property").

*   By virtue of the marriage of Steven Flippin and Nada Jean Flippin ("the debtor"), the debtor owns a recognizable, inchoate dower interest in the property.

*   The debtor has not relinquished her dower interest in the property.

*   The current value of the property is One Hundred Sixty Seven Thousand Dollars ($167,000).

*   There is a secured lien on the property in the amount of One Hundred Thirty Three Thousand Six Hundred Sixty Seven Dollars and Five Cents ($133,667.05).

*   According to 11 U.S.C. § 541(a)(1) a bankruptcy estate is comprised of all legal and equitable interests of the debtor in property as of the date the bankruptcy petition is filed.

*   If the court should find that the debtor's dower interest is an interest which can be valued and included as property of the estate and that the debtor can be compelled to turn this interest over to Trustee under applicable laws, then the table contained in Ark. Code Ann. § 18-2-105 is the appropriate method of valuation, using a 4% rate of interest.

*   Debtor's spouse at the time of the filing of the bankruptcy petition had no children and presently has no children.

## DISCUSSION

5.  The Bankruptcy Court determined that the debtor's dower interest in her husband's property is property of the debtor's estate. While that conclusion is not being challenged, it is useful to notice that the Bankruptcy Code provides that commencement of a bankruptcy case creates an estate comprised of

"all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As noted by the Bankruptcy Court, under Arkansas law, the dower interest is a recognizable interest in real estate in the form of an inchoate right of dower by virtue of the parties' marriage. *See* Ark. Code Ann. § 28-11-307. *See also* Le Croy v. Cook, 204 S.W. 2d 173, 174 (Ark. 1947). The Bankruptcy Court concluded that, since § 541 of the bankruptcy code includes *all* legal and equitable interests as property of the debtor's estate, "the debtor's inchoate dower interest in her husband's property is property of the debtor's estate." (Doc. 1 Attach 1).

In this Court's view, the foregoing conclusion is clearly correct and is here affirmed although no challenge was made to it.

6. After determining that the dower interest was and is an interest which is property of the bankrupt's estate, the Bankruptcy Court nevertheless determined that the Trustee's motion for turnover of the interest must be denied. As its basis for that determination, the Bankruptcy Court noted that, under Arkansas law, the right of dower cannot be conveyed -- only relinquished. Thus, reasoned the Court, because the interest is not transferable, the motion to turn it over to the Trustee would have to be denied.

It is undisputed that, under Arkansas law, a wife has a dower interest in her husband's property. Specifically, upon the

"all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). As noted by the Bankruptcy Court, under Arkansas law, the dower interest is a recognizable interest in real estate in the form of an inchoate right of dower by virtue of the parties' marriage. *See* Ark. Code Ann. § 28-11-307. *See also* Le Croy v. Cook, 204 S.W. 2d 173, 174 (Ark. 1947). The Bankruptcy Court concluded that, since § 541 of the bankruptcy code includes *all* legal and equitable interests as property of the debtor's estate, "the debtor's inchoate dower interest in her husband's property is property of the debtor's estate." (Doc. 1 Attach 1).

In this Court's view, the foregoing conclusion is clearly correct and is here affirmed although no challenge was made to it.

6. After determining that the dower interest was and is an interest which is property of the bankrupt's estate, the Bankruptcy Court nevertheless determined that the Trustee's motion for turnover of the interest must be denied. As its basis for that determination, the Bankruptcy Court noted that, under Arkansas law, the right of dower cannot be conveyed -- only relinquished. Thus, reasoned the Court, because the interest is not transferable, the motion to turn it over to the Trustee would have to be denied.

It is undisputed that, under Arkansas law, a wife has a dower interest in her husband's property. Specifically, upon the

husband's death, a surviving wife with no children is invested in a fee simple interest of one-half of the real property owned by the husband prior to his death. *See* Ark. Code Ann. § 28-11-307. "Until her husband's death the wife's right of dower is inchoate, that is, it is contingent upon his death during her lifetime." <u>Le Croy v. Cook</u>, 204 S.W.2d 173, 174 (Ark. 1947). Further Arkansas law instructs, that "[w]hile [the right of dower] is a valuable contingent right, it is not an interest in her husband's property as may be conveyed by her. It may only be 'relinquished' by her to her husband's grantee in the manner and form provided by statute." <u>Id</u>.

It follows then that, under Arkansas law, the right of dower is an "inchoate, contingent expectancy" which can only be relinquished, and not conveyed. <u>LeCroy v. Cook</u>, 204 S.W.2d 173, 175 (Ark. 1947). And, because the interest is not one which is transferable, it is not subject to turnover under 11 U.S.C. § 542(a).

In light of the foregoing, the Court finds that the Bankruptcy Court's ruling denying the motion for turnover is correct and should also be affirmed.

7. Notwithstanding the foregoing, the Court is not persuaded that the Bankruptcy Court was correct in refusing to value that which it had correctly determined to be an asset of the bankrupt's estate. As set forth above, it was correctly

determined by the Bankruptcy Court that the debtor's dower interest is an asset of the bankruptcy estate. It is a curious notion that there properly can be in a bankrupt's estate -- for which a trustee is accountable -- an asset which cannot be valued. The Court is not persuaded that, simply because the dower interest is inchoate and is not susceptible to being physically possessed by the trustee, it should not be valued.

The parties represent to the Court that neither the Arkansas state courts nor the courts of the Eighth Circuit have addressed valuation of a dower interest in this specific context. The Court's own research confirms that and further exposes a dearth of authority on the point. However, the Trustee has pointed the Court to case law decided in the State of Ohio -- under similar dower statutes -- wherein courts have concluded not only that a dower interest is properly included as an asset in the estate of a bankrupt, but also that it can and properly should be valued for bankruptcy estate purposes.

The Court has reviewed the cases of In re Martz, 293 B.R. 409 (Bankr. N.D. Ohio 2002); In re Castor, 99 B.R. 807 (S.D. Ohio 1989); In re Lambert, 57 B.R. 710 (Bankr. N.D. Ohio 1986); and In re Hill, 11 B.R. 217 (Bankr. S.D. Ohio 1981) and is persuaded that the reasoning used by the courts deciding them is sound. The authorities[1] they, in part, rely upon appear to support the

---

[1] See In re Lambert, 57 B.R. 710 (Bankr. N.D.Ohio 1986), Footnote #2 at page 713

relevant conclusion they reach: that, in light of the provisions of §541(a) of the Bankruptcy Code, the transferability of an interest is irrelevant to the question of whether it should be evaluated. Specifically, the **Lambert** court said:

> Therefore, it becomes well-settled in Ohio that a dower interest capable of measurement is includible in the bankrupt estate. The sale of the subject property, belonging to the non-debtor spouse, does not affect the formula to establish a dower value as the statutory provision for measurement operates independently of the sale. The fact that the sale can affect how much of the proceeds, if any, are received for the dower interest illustrates why a dower interest is entitled to protection by the §362(a) stay. *See In re Digby*, 47 B.R. 614 (Bankr/ N.D.Ala. 1985). Thusly, a dower interest does constitute a recognizable interest in a bankruptcy estate.

Thus, while the inchoate dower interest cannot be "conveyed" to the trustee, it does have a value which can and should be ascertained. Neither the determination that the dower interest is an asset in the bankrupt's estate nor the determination of its present value affect the status of the interest itself. It remains inchoate and may, or may not, become vested -- or divested -- in the future.

While the Court agrees that the dower interest should be valued for the reasons already stated, it sees no basis for the Trustee's suggested alternative notion that the debtor should be required to "buy back" the non-exempt equity in her dower interest from the Trustee. As already noted, the Court agrees there is no basis for transferring the interest to the Trustee in the first place and the Bankruptcy Court properly denied the Trustee's

motion for turnover.  Thus, there is nothing in the Trustee's hands which could be bought back.  Moreover, as mentioned before, the interest is inchoate and may never become vested.

The Court, therefore, concludes that it is proper for the dower interest be valued and will so order.

The parties have stipulated that, if the dower interest is to be valued, the table contained in Arkansas Code Annotated § 18-2-105, using an interest rate of 4%, is the proper measure of valuation.  The Court accepts that stipulation and, pursuant thereto, instructs the parties to prepare and present to the Court a further stipulation setting out the proper valuation of the debtor's dower interest.

## CONCLUSION

IT IS, THEREFORE, ORDERED that the decision of the Bankruptcy Court is:

\*   **affirmed** to the extent that the debtor's dower interest is an asset of the bankruptcy estate;

\*   **affirmed** to the extent that the Trustee's motion for turnover should be denied; and

\*   **supplemented** to the extent that the debtor's dower interest should be valued.

IT IS, FURTHER ORDERED that the parties are instructed to prepare and present to this Court within ten (10) days from the date hereof, a Stipulation reflecting the proper valuation of the

debtor's dower interest.  Upon receipt of such a Stipulation, the Court will enter its final Order on the matter.

IT IS SO ORDERED.

>                                /S/JIMM LARRY HENDREN
>                                JIMM LARRY HENDREN
>                                UNITED STATES DISTRICT JUDGE